IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DAVID STANION,                    )
                                  )
          Plaintiff/              )
          Respondent,             )
                                  )
     v.                           )     1:16CV750
                                  )
GAY NELL STALEY,                  )
                                  )
          Defendant/              )
          Petitioner.             )
```

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Plaintiff/Respondent David Stanion's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with his Motion to Remove Case to Federal District Court (Docket Entry 2). For the reasons that follow, the Court will grant the instant Application for the sole purpose of entering an order remanding to state court the purportedly removable actions.[1]

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely

---

[1] For reasons stated in William E. Smith Trucking, Inc. v. Rush Trucking Ctrs. of N.C., Inc., No. 1:11CV887, 2012 WL 214155, at *2-6 (M.D.N.C. Jan. 24, 2012) (unpublished), the undersigned United States Magistrate Judge opts to enter an order rather than a recommendation regarding remand.

because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the statute governing pauper applications provides for dismissal at "any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous . . . ." 28 U.S.C. § 1915(e)(2).

"The word frivolous is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (internal quotation marks omitted). In considering such matters, the Court may "apply common sense." Nasim, 64 F.3d at 954. Federal courts reviewing pauper applications regularly remand cases to state court based upon the frivolousness of the removal. See, e.g., Wake Cnty. Human Servs. v. Davis, No. 5:12-CV-413-BO, 2012 WL 7856618

2

(E.D.N.C. Oct. 24, 2012) (unpublished), recommendation adopted, 2012 WL 7856619 (E.D.N.C. Dec. 12, 2012) (unpublished), aff'd, 530 F. App'x 272 (4th Cir. 2013); Franklin Credit Mgmt. Corp. v. Bryson, Civil No. 1:09cv246, 2009 WL 2151052 (W.D.N.C. July 15, 2009) (unpublished); Fuller v. Evans, No. 1:05CV00013, 2005 WL 1743955 (M.D.N.C. Mar. 24, 2005) (unpublished); see also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (ruling that federal courts must "construe removal jurisdiction strictly because of the significant federalism concerns implicated" (internal quotation marks omitted)).

## DISCUSSION

Stanion seeks "to remove case number 16CVD543 to [this] Court and to join the appeal from case number 16CVD967 with it." (Docket Entry 2 at 4-5.) The former matter arises from a "Complaint and Motion to Destroy Evidence" that Stanion filed against Defendant/Petitioner Gay Nell Staley in state court in Moore County, North Carolina, apparently alleging that Staley falsely accused Stanion of a crime. (See Docket Entry 3.) The latter matter stems from Staley's request for a Domestic Violence Order of Protection against Stanion, granted by the state court in Randolph County, North Carolina, on June 16, 2016. (See Docket Entry 2-11.)

According to Stanion, he may remove those two cases from state court to this Court, pursuant to 28 U.S.C. § 1443. (See Docket Entry 2 at 1.) That removal statute contains two clauses, the

3

first of which applies only upon a showing that the state court would deny the removing party a right "aris[ing] under a federal law 'providing for specific civil rights stated in terms of *racial equality*,'" Wilkins v. Rogers, 581 F.2d 399, 403 (4th Cir. 1978) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)) (italics in original) (internal ellipses omitted), and the second of which "is available only to federal officers and to persons assisting such officers," City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 815 (1966). Stanion has not alleged (much less shown) that he has suffered the denial of federal civil rights related to racial equality or that he qualifies as a federal officer or person assisting a federal officer. (See Docket Entry 2.) Accordingly, Stanion's attempted removal cannot stand.

## CONCLUSION

Stanion frivolously removed the cases at issue from state court to this Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ORDERING REMAND.**

**IT IS FURTHER ORDERED** that case numbers 16CVD543 and 16CVD967 are **REMANDED** to their respective state courts.

                                        /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                          **United States Magistrate Judge**

June 29, 2016